(15 App. Div. 65.)

### In re MACHWIRTH et al.

(Supreme Court, Appellate Division, Second Department. March 9, 1897.)

RECEIVERS—LEAVE TO SUE—ADMITTED CLAIMS.

    Leave will not be granted a general creditor to sue a receiver where his claim is admitted, and payment is withheld merely to ascertain if the assets, which are being collected, will be sufficient to pay all claims in full.

Appeal from special term, Kings county.

Petition by Adolph Machwirth and another, composing the firm of Machwirth & Smith, for leave to sue James Matthews as receiver. From an order denying the application, petitioners appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

M. Owen Roberts, for appellants.
Edward M. Grout, for respondent.

PER CURIAM. The papers disclose that the petitioners' claim has never been formally presented to the receiver, and demand made upon him for payment. Indeed, the claim of petitioners is that the receiver has admitted the claim, and promised to pay it without any formal presentation and demand. Consequently, no action seems to be necessary for the purpose of having the claim established, as its amount is not contested. If, upon a formal presentation of the petitioners' account, the amount should be disputed, and the claim rejected, upon a proper application by the petitioners the court would doubtless allow an action to be brought for the purpose of having the claim established. But, until it appears that such step is necessary, a useless expense would be incurred to accomplish what the receiver is undoubtedly prepared to admit. The petitioners have no lien upon the fund which was paid over by the general government, even though it be conceded that, if they had filed notice of their claim with the public authorities, it would have been protected.

They were willing that the money should be received by their debtors and by the receiver, in consequence of which they now stand upon the same footing as the other general creditors of the firm represented by the receiver. It appears from the papers submitted by the receiver that he is presently engaged in collecting the assets of the firm, and that he is now unable to state whether such assets will be sufficient to pay the debts of the firm in full or not. The receiver would not be justified in paying plaintiffs' claim in full, unless it appeared that he was possessed of sufficient assets to pay all of the other creditors in full. And the court will make no order directing such payment, except such facts appear. There is no reason to suppose that the receiver will not promptly discharge his duties in connection with his receivership, and pay the claims of creditors in due and orderly course. If he does not do so, the petitioners can make application to the court to compel him to properly discharge his duty in this respect. At present we see no ground for granting the application, either to pay over or for leave to sue.

The order should therefore be affirmed, but without costs, and without prejudice to the right to renew the motion.